**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, et al., | Case No. 1:26-cv-02546 JLT CDB |
| Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE MOTION TO INTERVENE FOR PURPOSES OF APPEAL AND HOLDING IN ABEYANCE MOTION TO INTERVENE FOR PURPOSES OF PURSUING STAY OF INJUNCTION |
| v. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Defendant, | (Doc. 82) |
| CORECIVIC, INC., | |
| Applicant-Intervenor. | |

## I.    INTRODUCTION

Plaintiffs filed this action in the Northern District of California against U.S. Immigration and Customs Enforcement and various related entities and officials, challenging conditions of confinement at ICE's California City Detention Facility. (*See* Doc. 15.) On February 10, 2026, Judge Maxine M. Chesney issued an order granting in part Plaintiffs' motions for preliminary injunction and provisional class certification, (Doc. 72), and on March 27, 2026, issued a memorandum decision providing additional reasoning in support of the February 10 Order. (Doc. 111.) Generally, the preliminary injunction requires Defendants to: "(1) ensure constitutionally

1

adequate medical care ([Doc. 72,] ¶ 1)[1]; (2) provide access to an independent, third-party 'External Monitor' for a period of 120 days (*id.* ¶ 2); (3) ensure that detained individuals have timely and confidential access to attorneys through in-person, contact legal visits and calls (*id.* ¶ 3)[2]; and (4) provide free temperature-appropriate clothing and at least one hour of outdoor recreation time per day (*id.* ¶ 4)." (Doc. 111 at 4.)

Meanwhile, on March 3, 2023, CoreCivic, Inc., the private company that owns and operates California City under a contract with ICE, (*see* Doc. 82-1, ¶ 3), moved to intervene in this action for the limited purposes of appealing the February 10 order and seeking an emergency stay of that Order pending final resolution of the appeal. (Doc. 82 at 2.) CoreCivic maintains it is entitled to intervention as of right under Federal Rule of Civil Procedure 24(a) and alternatively requests permissive intervention under Rule 24(b). (*See* generally Doc. 82.) Also on March 3, 2023, CoreCivic filed a motion to stay operation of the injunction pending appeal. (Doc. 86.)

On March 30, 2026, Judge Chesney granted Federal Defendants' motion to transfer the case to this District, (Doc. 113), and a case file was opened here a few days later. (Doc. 114.) On April 7, 2026, CoreCivic requested expedited treatment of both its pending motions, emphasizing that its opening brief on appeal is currently due on April 16, 2026 and that the Ninth Circuit has already questioned whether it has jurisdiction over the appeal because CoreCivic is not yet a party to this case. (Doc. 119 at 4.)

For the reasons set forth below, the motion to intervene for purposes of appeal is **DENIED WITHOUT PREJUDICE** and the motion to intervene for purposes of pursuing a motion to stay is **HELD IN ABEYANCE.**

---

[1] More specifically regarding medical care, the Court directed Federal Defendants to ensure: adequate health care staffing; comprehensive, documented medical intake screening, performed by a "qualified medical provider" within 12 hours of a person's arrival; thorough Initial Appraisals performed timely by a primary care provider; timely approval and access to medical specialists; timely and responsive emergency services; continuity of medical care upon intake and thereafter, including timely completion of active medical orders, access to scheduled provider appointments, and consistent provision of medication; timely access to prescribed medications; and a responsive "sick call" request system. (Doc. 72 at 3.)

[2] Regarding access to counsel, the Court also ordered Federal Defendants to ensure:  in-person legal visitation seven days per week from 8:00 a.m. to 8:00 p.m., in private and confidential settings, with each legal visit lasting up to three hours in length; contact attorney visits that do not take place through a pane of glass, absent documented security grounds to deny such contact; scheduling of confidential legal calls with legal representatives of up to 90 minutes each, to take place within two business days of a request; and  provision of written information regarding protocols for attorney-client communication to all individuals detained at California City. (Doc. 72 at 4.)

## II.    STANDARDS OF DECISION

### A.    Intervention as of Right

The Ninth Circuit has adopted a four-part test for determining whether an applicant can intervene as of right pursuant to Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*) (internal citation and quotation omitted). ) A proposed intervenor bears the burden of meeting these elements. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016). The requirements for intervention are broadly interpreted in favor of intervention. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

### B.    Permissive Intervention

Under Federal Rule of Civil Procedure 24(b), a district court has discretion to permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion. *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). "These relevant factors include the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The Court may also consider "whether the intervenors' interests are adequately represented by other parties" and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*; *see also Callahan v. Brookdale Senior Living Comtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022).

3

## III.    DISCUSSION

### a.    Intervention for Appeal

CoreCivic's request to intervene to appeal the February 10, 2026 order is grounded on the assumption that Federal Defendants would not be noticing such an appeal themselves. (*See, e.g.*, Doc. 108 at 5 (discussing how CoreCivic had to move to intervene because "Defendants had not yet decided to appeal or stay the Order.").) This has proven to be an erroneous assumption, given that on April 13, 2026, Federal Defendants informed the Court that they have now noticed such an appeal. (Doc. 127.) Among other things, Federal Defendants' decision to appeal alters the Court's analysis of whether CoreCivic is adequately represented for purposes of that appeal.[3] Though CoreCivic discusses some reasons why their interests depart from Federal Defendants', it is unclear whether any such divergence of interest would materialize in the context of an appeal from the February 10, 2026 Order, which would necessarily be limited to the record in existence at the time that order issued. The Court will not manufacture alternative arguments to justify CoreCivic's intervention to pursue an appeal, so that aspect of their motion is **DENIED WITHOUT PREJUDICE** to a showing based upon the present record.[4]

### C.    Intervention to Move to Stay Injunction

For similar reasons, before the Court rules on CoreCivic's request to intervene for purposes of moving to stay this case in this Court, the Court finds that its decision making would benefit from a status update from the parties regarding whether Federal Defendants also intend to pursue a motion to stay. At the very least, such information is relevant to the conditions the Court may elect to place on intervention. Thus, the Court will hold this aspect of the motion in abeyance until further information is received.

///

---

[3] As noted above, adequacy of representation is relevant to both intervention as of right and permissive intervention.

[4] It goes without saying that this turn of events has squandered scarce judicial resources. As the Court indicated on April 8, 2026, it was in the process of drafting an order addressing CoreCivic's motion to intervene, while simultaneously addressing numerous other emergent matters. (Doc. 120.) The Court will give the Parties the benefit of the doubt and will assume that Federal Defendants simply had not determined they would notice an appeal prior to April 13. Moving forward, as is **required** by this Court's standing order (Doc. 115-1), the Court expects the parties to engage in good faith meet and confer efforts in advance of bringing any matter to the Court for resolution. Failure to do so is grounds for the imposition of sanctions.

**IV.    CONCLUSION AND ORDER**

For the reasons set forth above:

1.    CoreCivic's motion to intervene (Doc. 82) for purposes of appeal is **DENIED WITHOUT PREJUDICE**. The remaining aspects of its motion are **HELD IN ABEYANCE**.

2.    Within four days of the date of this order, the parties **SHALL** meet and confer in good faith before filing a joint status report addressing whether Federal Defendants plan to file a motion to stay. If they do, the parties **SHALL** also address whether CoreCivic will withdraw its separate motion and/or whether CoreCivic relatedly needs to amend or withdraw its motion to intervene; and **SHALL** propose schedules for the above.[5]

IT IS SO ORDERED.

Dated:    **April 14, 2026**

UNITED STATES DISTRICT JUDGE

---

[5] Given this order, the Court will **DISREGARD** the stipulation filed by the parties regarding the motion to stay. (Doc. 128.)

5