KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CANDICE MAI KHANH NGUYEN - # 329881
cnguyen@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022
tess@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia and all others similarly situated*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and | Case No. 1:26-cv-02546-JLT-CDB<br><br>**DECLARATION OF TESS BORDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CORECIVIC'S SUPPLEMENTAL BRIEF RE MOTION TO INTERVENE AND MOTION TO STAY PENDING APPEAL**<br><br>Judge:      Hon. Jennifer L. Thurston<br><br>Date Filed:  November 12, 2025 *(transferred from Northern District of California)*<br><br>Trial Date:  Not set |

1

6194455

Removal Operations, U.S. Immigration and
Customs Enforcement; U.S. DEPARTMENT
OF HOMELAND SECURITY;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security,

       Defendants.

DECLARATION OF TESS BORDEN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO CORECIVIC'S SUPPLEMENTAL BRIEF
Case No. 1:26-cv-02546-JLT-CDB

6194455

I, Tess Borden, declare as follows:

1.    I am a managing attorney at the Prison Law Office, co-counsel of record for Plaintiffs in this matter. I am admitted to the New York Bar, am registered by the State Bar of California as a Registered Legal Aid Attorney through the Multijurisdictional Practice Program, and am an active member of the Bar of this Court. I submit this declaration in support of Plaintiffs' Opposition to CoreCivic's Supplemental Brief Regarding the Motion to Intervene and Motion to Stay Pending Appeal. I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto under oath, I could competently do so.

**Ongoing Communications with Monitor and Defendants' Counsel**

2.    Since March 30, 2026, I have engaged in regular written and verbal communications with Defendants' counsel and the Court-appointed external monitor Muthusamy Anandkumar, M.D.

3.    The Court's March 30 order appointing Dr. Anandkumar prohibits counsel for the parties from communicating *ex parte*, either verbally or in writing, with Dr. Anandkumar and requires all written communications, emails, and document production to or from Dr. Anandkumar to copy counsel for the parties. Doc. 112 ¶ 6.

4.    I am the primary point of contact with Dr. Anandkumar for Plaintiffs' counsel and, to my knowledge, have been copied on all correspondence with him from either Plaintiffs' counsel or Defendants' counsel. Since March 30, I have sent approximately two dozen emails to Dr. Anandkumar and Defendants' counsel.

5.    In addition to our regular email correspondence, I have met with Dr. Anandkumar and Defendants' counsel via Zoom twice and have a third meeting scheduled for later this week. I have also spoken to Dr. Anandkumar via telephone with Defendants' counsel on one occasion.

6.    CoreCivic has been made aware of information that Dr. Anandkumar provided to counsel for the parties. Specifically, during an April 9 Zoom meeting, Dr. Anandkumar informed counsel for the parties that he intended to conduct his site inspection in May 2026. That information appeared in CoreCivic's submission to the Court on April 17, 2026. Doc. 132 at 3. On April 22, Dr. Anandkumar emailed the parties that he intended to conduct his inspection on

3

6194455

May 4-6 specifically. That information appeared in CoreCivic's April 23, 2026 submission later that day. Doc. 134 at 1-2.

7.    I am also aware that CoreCivic has assisted Dr. Anandkumar in obtaining remote read-only access to California City Detention Facility ("California City")'s electronic health record system (EHRS). *See* Doc. 112 ¶ 3. Defendants' counsel contacted Dr. Anandkumar, copying me, on April 2, 2026 asking him for information needed to set up remote access. Defendants' counsel subsequently provided contact information for two CoreCivic employees to assist Dr. Anandkumar with his EHRS access and questions related to EHRS functionality, on April 13 and April 28, respectively. It is my understanding from communications with Dr. Anandkumar and Defendants' counsel that Dr. Anandkumar has had separate contact with either or both of these CoreCivic staff about EHRS.

**Monitor's Document Requests and Record Reviews, Including of Specific Patients**

8.    On March 31, Dr. Anandkumar sent Defendants an initial list of requests for documents and information, as contemplated by the March 30 order. He has subsequently made additional requests. *See* Doc. 112 ¶ 4. Beginning April 7, Defendants have been producing documents in response to those requests. To date, they have produced over two thousand pages of documents, in addition to other emailed responses, in response to his requests.

9.    I am aware that CoreCivic has played a central role in the production of these documents and information. On April 11, Dr. Anandkumar emailed counsel for the parties an Excel document containing his notes and requests regarding recent document production. On April 21, Defendants' counsel sent back an updated document containing responses, which added a column entitled "CoreCivic's response." The responses were written from CoreCivic's perspective.

10.    Counsel for the parties and Dr. Anandkumar have also corresponded about particular patients' medical information and treatment at California City. Dr. Anandkumar has indicated he has or will look into the health care provided to specific patients identified by Plaintiffs' counsel.

DECLARATION OF TESS BORDEN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO CORECIVIC'S SUPPLEMENTAL BRIEF
Case No. 1:26-cv-02546-JLT-CDB

6194455

11.    On April 17, I referred four patients to Dr. Anandkumar and also asked counsel for Defendants, copied on that email, to look into the appropriateness of care being provided to these patients, who were experiencing issues related to chronic care and diabetes management, cancer treatment, and congestive heart failure.

12.    On May 3, I referred eight additional patients to Dr. Anandkumar and counsel for Defendants. As identified in my email, these patients were experiencing issues related to oral surgery needs, including a biopsy to rule out cancer, urology needs, orthopedic needs impacting activities of daily living, general surgery needs, assistive device and other accommodation needs in light of medical conditions, diabetes management and possible chronic kidney disease, significant lapses in antipsychotic medications, and other issues with specialty care, medication administration, and the sick call process.

**Monitor's Site Inspection**

13.    On April 22, 2026, pursuant to the March 30 order permitting a three-day inspection of California City with one week's notice, Doc. 112 ¶ 5, Dr. Anandkumar informed the parties that the inspection would take place on May 4, 5, and 6, 2026.

14.    On April 24, 2026, Defendants' counsel wrote to Dr. Anandkumar, at CoreCivic's request, asking to delay his visit. Defendants' counsel added, "I'm checking with CoreCivic's counsel on what dates work for the facility. . . . CoreCivic's counsel expressed appreciation for your willingness to work with the facility to select a date that minimizes the potential disruption to the facility and patients and they will provide me with dates as soon as they can." Defendants' counsel later wrote that "CoreCivic's counsel says that the following week – the week of May 11 – will work for medical leadership and facility operations." Subsequently, at this Court's direction, the parties asked Dr. Anandkumar to delay his visit until at least May 18. *See* Doc. 138. Defendants' counsel confirmed via email that "CoreCivic's counsel told me that the week of May 18 works for the facility."

15.    On April 24, 2026, I wrote to Defendants' counsel and counsel for CoreCivic stating that I was aware that counsel for CoreCivic wished to be present during Dr. Anandkumar's site visit. I wrote that Plaintiffs were not opposed to this so long as counsel for the

DECLARATION OF TESS BORDEN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO CORECIVIC'S SUPPLEMENTAL BRIEF
Case No. 1:26-cv-02546-JLT-CDB

6194455

parties were also present. I offered to stipulate to the presence of counsel for CoreCivic and the parties. CoreCivic has not responded to my offer.

**Communications with Defendants' Counsel Related to Attorney Access and Facility Changes**

16.     On February 17, I wrote to Defendants' counsel about issues related to the implementation of the attorney access provisions in the Court's preliminary injunction. *See* Doc. 72 ¶ 3. On February 18, Defendants' counsel informed me about changes to "the detention facility appointment scheduler system" and related changes to ICE's website regarding visitation at California City. Defendants' counsel wrote, "The facility's staff were instructed last week regarding these changes[.]" On March 4, Defendants' counsel wrote to me that "[c]ontractors have been hired" to address Virtual Attorney Visit space needs and that some "work is expected to occur this weekend" and that a related "project is expected to be completed by mid-April." On March 10, Defendants' counsel wrote to me that "efforts to expand additional rooms for contact legal visits will involve dividing the four legal visitation rooms and installing soundproof barriers. . . . The work is expected to occur in early April."

Executed this 4th day of May, 2026, at Castroville, California.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/*Tess Borden*
TESS BORDEN

DECLARATION OF TESS BORDEN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO CORECIVIC'S SUPPLEMENTAL BRIEF
Case No. 1:26-cv-02546-JLT-CDB

6194455