Daniel P. Struck, Pro Hac Vice
AZ Bar #012377
Dana M. Keene, CA Bar #324993
Anne M. Orcutt, Pro Hac Vice
AZ Bar #029387
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
dkeene@strucklove.com
aorcutt@strucklove.com

Nicholas H. Rasmussen, Bar #285736
McCORMICK BARSTOW, LLP
7647 North Fresno Street
Fresno, CA  93720
Tel:  (559) 433-1300
Fax: (559) 433-2300
nrasmussen@mccormickbarstow.com

Attorneys for Intervenor CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GOMEZ RUIZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants,<br><br>CORECIVIC, INC.,<br><br>Intervenor. | Case No. 1:26-CV-02546-JLT-CDB<br><br>**INTERVENOR CORECIVIC, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CLARIFY  INTERVENTION ORDER (Dkt. 144)** |

Intervenor CoreCivic respectfully requests this Court to clarify that the scope of its granted intervention includes not only the ability to appeal the Court's February 10, 2026 Order (Dkt. 72) but also the ability to appeal the Court's March 27, 2026 Memorandum of Decision (Dkt. 111) and March 30, 2026 Order Appointing Muthusamy Anandkumar as External Monitor (Dkt. 112). Although CoreCivic believes that the Court's May 13, 2026 Order Granting Motion to Intervene

- 1 -

(Dkt. 144) intended for the scope of its intervention to include an appeal from all three Orders, CoreCivic requests an explicit ruling to eliminate any ambiguity and jurisdictional challenge on appeal.  CoreCivic does not intend to invite any continued argument as to the merits of its intervention but only seeks administrative clarification as to the scope of its intervention as permitted by the Court.

As the Court is aware, on February 10, 2026, Judge Chesney entered an Order Granting in Part Plaintiffs' Motions for Preliminary Injunction and Class Certification ("February 10, 2026 Order").  (Dkt. 72.)  On March 3, 2026, CoreCivic filed a Motion to Intervene for the purpose of "appealing the Court's February 10, 2026 Order and seeking an emergency stay of the Order pending appeal."  (Dkt. 82.)  While that Motion to Intervene was pending, Judge Chesney entered a Memorandum of Decision on March 27, 2026 ("March 27, 2026 Memorandum of Decision"), "set[ting] forth in greater detail its reasons for" its February 10, 2026 Order.  (Dkt. 111.)  On March 30, 2026, Judge Chesney entered an Order appointing Dr. Anandkumar as the external monitor and setting forth the scope of his appointment ("March 30, 2026 Order").  (Dkt. 112.)

On April 1, 2026, the case was transferred to this Court.  On April 14, 2026, this Court denied CoreCivic's Motion to Intervene without prejudice.  (Dkt. 131.)  It did so because Defendants had filed a notice of appeal from the February 10, 2026 Order, the March 27, 2026 Memorandum of Decision, and the March 30, 2026 Order.  (Dkt. 127; Dkt. 130 at 4.)  But on April 17, 2026, Defendants informed the Court that its notice of appeal was merely protective and that it had not yet received authorization from the Solicitor General to move forward with the appeal.  (Dkt. 132 at 1-2.)

In light of that caveat, CoreCivic sought reconsideration of the Court's Order denying its request for intervention. (Id. at 2-3.)  CoreCivic further noted that it "would like to amend its notice of appeal to include the March 27 Memorandum (Dkt. 111) and March 30 Order (Dkt. 112)" and requested "direction on how the Court would prefer it request an expansion of the scope of its motion to intervene for purposes of appeal to include that Memorandum and Order." (*Id*. at 3 n.3.) This Court ordered the parties "to re-brief the motion to intervene to address the full scope of any proposed intervention based on the current record."  (Dkt. 133.)

- 2 -

Pursuant to that directive, on April 23, 2026, CoreCivic filed a Supplemental Brief Regarding Motion to Intervene.  (Dkt. 135.)  CoreCivic requested to intervene for the purpose of "appealing the February 10, 2026, *and* March 30, 2026 Orders *and* March 27, 2026 Memorandum of Decision."  (*Id*. at 7 [emphasis added]; *see also id*. at 12, 16.)

On May 13, 2026, the Court issued an Order Granting Motion to Intervene.  (Dkt. 144.) The Introduction recognized that CoreCivic "moves to intervene (see Docs. 82, 108, 135)," citing CoreCivic's original Motion to Intervene (Dkt. 82, 108) and Supplemental Brief Regarding Motion to Intervene (Dkt. 135).  It then "GRANTS the motion." (*Id*.)  The Background Section recognized that "CoreCivic moved to intervene in this action for the limited purposes of (1) appealing the February 10, March 27, and March 30, 2026 Orders."  (*Id*. at 3, citing Dkt. 135 at 7.)  It then repeated, "the motion to intervene is GRANTED."  (*Id*.)  The Court's legal analysis did not make any distinction between the February 10, 2026 Order, the March 27, 2026 Memorandum of Decision, and the March 30, 2026 Order, and it concluded by stating that "CoreCivic has satisfied all elements required for the limited intervention as of right *they seek*."  (Id. at 4-15 [emphasis added].)  However, the Conclusion and Order Section stated:

> 1.  CoreCivic's motion to intervene as of right pursuant to Federal Rule of Civil Procedure 2(a) (Doc. 82) is **GRANTED**.
>
> 2.  CoreCivic may intervene as a defendant for the limited purpose of appeling <u>the February 10, 2026 preliminary class certification and preliminary injunction order</u> ….

(*Id*. at 15 [emphasis added].)

Because Section 2 could be construed as granting intervention for purposes of appealing *only* the February 10, 2026 Order, which is narrower than CoreCivic's request (Dkt. 135) and the remainder of the Court's Order Granting Motion to Intervene, CoreCivic requests clarification that the scope of its intervention includes "the limited purpose of appealing the February 10, 2026 preliminary class certification and preliminary injunction order**, the March 27, 2026 Memorandum of Decision, and the March 30, 2026 Order Appointing Muthusamy Anandkumar as External Monitor**."  Although the March 27, 2026 Memorandum of Decision and March 30, 2026 Order are part and parcel of the February 10, 2026 Order, CoreCivic would

CORECIVIC'S MOTION FOR ADMINISTRATIVE RELIEF TO CLARIFY INTERVENTION ORDER
CASE NO.1:26-CV-02546-JLT-CDB

like the record to be clear—for, at least, purposes of appellate jurisdiction—that the Court did not intend to deny intervention for purposes of appealing those orders.

CoreCivic has conferred with counsel for Plaintiffs and Defendants.  Defendants do not object to this Motion or CoreCivic's request for relief.  Plaintiffs take no position regarding CoreCivic's procedural request for clarification from this Court.  However, they take the position that the March 30th Order is not appealable under 28 U.S.C. § 1292 and intend to raise this argument, among others, before the Ninth Circuit as appropriate.  CoreCivic agrees that the appealability of that Order is a question for the *Ninth Circuit* to resolve if raised, but it is not a basis to deny intervention for purposes of attempting to appeal the March 30, 2027 Order (Plaintiffs did not raise this argument in their briefing, *See* Dkt. 139).

Because the deadline to file an amended notice of appeal is May 26, 2027, CoreCivic respectfully requests a ruling on an expedited basis.

DATED this 21st day of May 2026.

By /s/ Daniel P. Struck
Daniel P. Struck
Dana M. Keene
Anne M. Orcutt
STRUCK LOVE ACEDO, PLC

Nicholas H. Rasmussen
McCORMICK BARSTOW, LLP

*Attorneys for Intervenor CoreCivic, Inc.*

- 4 -
CORECIVIC'S MOTION FOR ADMINISTRATIVE RELIEF TO CLARIFY INTERVENTION ORDER
CASE NO.1:26-CV-02546-JLT-CDB