KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CANDICE MAI KHANH NGUYEN - # 329881
cnguyen@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022
tess@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
MEGHA RAM - # 325134
mram@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and | Case No. 1:26-cv-02546-JLT-CDB <br><br> **JOINT SCHEDULING REPORT** <br><br> Date:        June 29, 2026 <br> Time:        9:30 a.m. <br> Judge:       Magistrate Judge Christopher D. Baker <br><br><br> Date Filed:  November 12, 2025 <br> *(transferred from Northern District of California)* <br><br> Trial Date:  Not set |

6241473

Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

Pursuant to Civil Local Rule 240(b), Federal Rule of Civil Procedure 26(f), and this Court's Standing Order Setting Mandatory Scheduling Conference, the parties in this action, Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia, and Defendants U.S. Immigration and Customs Enforcement; David Venturella, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; Sergio Albarran, Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; Markwayne Mullin, Secretary, U.S. Department of Homeland Security, in their official capacities, submit this Joint Scheduling Report.

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(f)(1), counsel for all parties—Steven P. Ragland, Cody Harris, Candice Nguyen, Tess Borden, Marisol Dominguez-Ruiz, and Kyle Virgien, on behalf of Plaintiffs and Lynn Trinka Ernce and Brodie Butland on behalf of Defendants—held a telephonic conference on June 8, 2026, for the planning of discovery and other matters in this case. The parties have continued to confer regarding the planning of discovery and other matters in this case via email correspondence.

## II.     STATEMENT OF FACTS

### A.     Plaintiffs' Statement

In November 2025, Plaintiffs sued U.S. Immigration and Customs Enforcement ("ICE") and other relevant government agencies and officials ("Defendants") in the Northern District of California seeking, among other things, injunctive relief concerning the provision of constitutionally adequate health care and other conditions of confinement at California City Detention Facility ("CCDF"). In particular, Plaintiffs allege that Defendants have subjected thousands of civil immigration detainees to grossly inadequate medical care, overly restrictive and punitive conditions of confinement, unreasonable restrictions on access to counsel, and systematic failures to accommodate people with disabilities, in violation of the First and Fifth Amendments to the United States Constitution and Section 504 of the Rehabilitation Act.

3

6241473

Doc. 15.

On February 10, 2026, following extensive briefing and oral argument, the court in the Northern District of California partially granted Plaintiffs' motions for class certification and a preliminary injunction, provisionally certifying the class,[1] ordering Defendants to ensure constitutionally adequate health care, timely and confidential access to attorneys, minimal outdoor time, and temperature-appropriate clothing, and appointing an independent External Monitor for 120 days (subject to renewal) to ensure compliance with the order and the provision of constitutionally adequate health care ("PI Order"). Doc. 72. All relief sought by Plaintiffs but not addressed in the February 10 Order remains held in abeyance pending further Court order. *Id.* Following the PI Order, private prison company CoreCivic, Inc. ("CoreCivic"), which operates the facility pursuant to a contract with ICE, filed "emergency" motions to intervene and stay the PI Order pending appeal, Docs. 82, 86. Plaintiffs opposed these motions. Docs. 105, 106.

On March 27, 2026 the court issued its Memorandum of Decision setting forth its findings of fact and conclusions of law regarding the PI Order. Doc. 111. In that Memorandum of Decision, the Court referenced Plaintiffs' Notice of Noncompliance with a December 2025 Court Order regarding Plaintiffs' motion for emergency relief through a temporary restraining order concerning two named plaintiffs who were at immediate risk of serious harm or death (Doc. 27)[2]. Doc. 111 at 1-2. On March 30, 2026, the Court appointed Dr. Muthusamy Anandkumar, M.D., as the External Monitor ("Monitor Order") and set forth additional particulars regarding his appointment. Doc. 112. Over the last several months, Dr. Anandkumar has submitted numerous document requests (which Plaintiffs have separately requested through their requests for production), conducted remote review of patient medical records, held multiple teleconferences with counsel for the Parties, and conducted a three-day inspection of CCDF as set forth in the Monitor Order. At this inspection, Dr. Anandkumar interviewed staff and several dozen detained

---

[1] The Class is defined as: "All persons who are now, or in the future will be, in the legal custody of U.S. Immigration and Customs Enforcement ("ICE") and detained at California City Detention Facility ('California City')." Doc. 72 at 4.

[2] Plaintiffs filed a second notice of noncompliance as to one of those named plaintiffs on February 26. Doc. 80.

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

people, including named plaintiffs. Pursuant to the Monitor Order, Dr. Anandkumar's term extends for 120 days, through July 28, 2026. The Monitor Order requires Dr. Anandkumar to submit a report assessing Defendants' compliance with the PI Order and making recommendations for remedial actions before the conclusion of his term. Doc. 112.

On March 30, the Northern District transferred the case to the Eastern District of California. Doc. 113. Following transfer, CoreCivic renewed its motions to intervene and stay, requesting an expedited ruling on its motions. Doc. 119. In response, the Court issued a minute order expressing concern that the "briefs related to the motion to stay are stale given the subsequent issuance by Judge Chesney of a memorandum of decision (Doc. 111)." Doc. 120. Further, on April 13, Defendants filed a protective Notice of Appeal of the PI Order, Memorandum of Decision, and Monitor Order. Doc. 127. In light of the Defendants' appeal, the Court ordered renewed briefing on CoreCivic's motions, and CoreCivic stated that it sought intervention for the purposes of appealing the same three orders as the Defendants. Doc. 135. The district court granted CoreCivic's motion to intervene for the limited purpose of challenging the PI Order, Memorandum of Decision, and Monitor Order, but denied CoreCivic's motion to stay the relief, particularly as it relates to the Monitor Order. Docs. 144, 145, 147. CoreCivic filed a second Notice of Appeal on May 26, 2026, regarding the Memorandum of Decision and Monitor Order. Doc. 151.

### B. Defendants' Statement

Defendants generally agree with plaintiffs' chronology of events, but add to the chronology that Defendants responded to plaintiffs' allegations, denied liability, and asserted affirmative defenses in their Answer filed on May 15, 2026.  Doc 146.  Additionally, the Ninth Circuit has consolidated CoreCivic's two appeals, but not Defendants' protective appeal. Defendants continue to await DOJ's determination as to whether their appeal will proceed.

Defendants deny liability for plaintiffs' claims.

### III. LEGAL ISSUES

### A. Jurisdiction

The Court's jurisdiction is not disputed.

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

**B.    Venue**

Venue in this district is not disputed.

**C.    Applicable Law**

The applicable law governing Plaintiffs' claims is the First Amendment and Fifth Amendment to the United States Constitution, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

**D.    Summary of Disputed Legal Issues**

**Plaintiffs' statement:** The disputed legal issues include the following:

- Whether the conditions of detention at CCDF are unnecessarily restrictive and/or punitive, such that they constitute punishment in violation of the Fifth Amendment to the United States Constitution;
- Whether Defendants' policies and practices regarding medical care at CCDF create a risk of serious harm that violates the Fifth Amendment to the United States Constitution;
- Whether Defendants' policies and practices with respect to attorney visitation impermissibly burden or interfere with the right to access, retain, and consult counsel at CCDF, in violation of the First and Fifth Amendments to the United States Constitution;
- Whether Defendants have failed to provide reasonable accommodations, auxiliary aids, and services to people with disabilities at CCDF, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

**Defendants' Statement:** Defendants disagree with plaintiffs' characterizations in their summary above, and deny liability for plaintiffs' claims.

**E.    Relief Sought**

Plaintiffs seek the relief requested in the Complaint. Doc. 15 at 68 (Prayer for Relief). Defendants deny that plaintiffs are entitled to any relief.

**IV.    AMENDMENTS**

Plaintiffs currently do not intend to amend their Complaint but reserve the right to seek to

6

6241473

do so consistent with the Federal Rules of Civil Procedure.

## V.   STATUS OF PENDING MATTERS

All relief sought by Plaintiffs but not addressed in the PI Order has been held in abeyance pending further Court order. There are no other pending motions before this Court.

On April 13, 2026, Defendants filed a protective notice of appeal of the PI Order, Memorandum of Decision, and Monitor Order. Doc. 127. In a joint status report, Defendants explained that they were awaiting notice from the appropriate division of the Department of Justice as to whether to proceed with the appeal, but they did not intend to seek a stay of the PI Order pending appeal. Doc. 132. CoreCivic challenges the same underlying Orders and has two appeals pending before the Ninth Circuit. Docs. 149, 151. The Ninth Circuit has consolidated CoreCivic's appeals, but not Defendants' appeal. The parties have not filed any briefs in any of the three appeals. CoreCivic's consolidated opening brief is due July 1, 2026.  Defendants are awaiting the DOJ's decision on whether to proceed with their appeal.

## VI.   RULE 26(F) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

### A.   Initial Disclosures

The parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1). The parties have agreed to make such disclosures on July 8, 2026.

### B.   Discovery

Discovery related to the claims asserted in Plaintiffs' Complaint commenced on June 8, 2026, following the parties' Rule 26(f) conference.

Plaintiffs served their first set of requests for production on June 9, 2026. Plaintiffs also served a notice of deposition of named plaintiff Gustavo Guevara Alarcon on June 11, 2026, but he was removed from CCDF on June 13, 2026, and ultimately was removed from the United States, on June 16, 2026. Plaintiffs further served a proposed ESI Protocol and Protective Order on June 15, 2026.  Defendants are reviewing the proposed ESI Protocol and Protective Order and

7

the parties will continue to meet and confer regarding the proposed procedures.

The parties propose the following with regard to discovery:

### 1.    Scope of Discovery

Discovery is governed by the Federal Rules of Civil Procedure, the applicable Eastern District of California Local Rules, the Court's Standing Orders, and any other orders of the Court.

### a.    Plaintiffs' Position

Plaintiffs propose that discovery in this action proceed in two phases: fact and expert discovery.

The subjects on which discovery may be needed by Plaintiffs include, but are not limited to the following: (1) contracts, agreements, and planning documents related to the opening and operation of CCDF, including ICE-CoreCivic contracts and contracts with medical specialists, subcontracts, pre-occupancy inspections, and correspondence with federal, state, and local authorities; (2) policies, procedures, and practices related to conditions of confinement, including counts, lockdowns, movement restrictions, use of force, restrictive housing, outdoor recreation, clothing, linens, hygiene items, sanitation, temperature, water quality, food safety, programming, and commissary; (3) policies, procedures, and practices related to medical and mental health care, including intake screening, sick call, chronic care, specialty referrals, emergency response, medication management, staffing, and Continuous Quality Improvement processes; (4) policies, procedures, and practices related to attorney access and legal visitation, including legal calls, Virtual Attorney Visits, in-person legal visits, legal mail, law library access, and printing and copying services; (5) policies, procedures, and practices related to disability identification, screening, assessment, and accommodation, including Section 504 compliance, assistive devices, auxiliary aids, effective communication, and accessible housing and transportation; (6) communications between ICE, DHS, and CoreCivic related to the operation, staffing, and oversight of CCDF; (7) inspection reports, audits, monitoring reports, and compliance reviews, including reports by Disability Rights California, the California Attorney General's Office, and any Congressional visits; (8) sick call and custody requests, grievances. and grievance appeals submitted by detained individuals, including those concerning medical care, retaliation, legal

access, disability accommodations, and other conditions of confinement, and Defendants' responses thereto; (9) incident reports and records related to use of force, restrictive housing placements, suicide attempts, self-harm, and medical emergencies; (10) custody and medical staffing documents, including vacancy levels, turnover rates, shift schedules, and training records; (11) language access services, including interpretation requests, policies, and records of services provided or denied; and (12) individual patient medical records, patient lists and reports, chronic care clinic documents, and other health care documents related to medical and mental health care provided to named plaintiffs and class members.

To the extent that any expedited discovery is required, Plaintiffs have expressed to Defendants prior to and at the Rule 26(f) conference their need to take depositions of certain class members and named plaintiffs at imminent risk of deportation, particularly in light of Defendants' refusal to notify Plaintiffs' counsel of imminent removals prior to the parties' taking their depositions. To that end, Plaintiffs served a deposition notice of one of the named plaintiffs, Gustavo Guevara Alarcon, on June 11, 2026. As Plaintiffs had previously explained, Mr. Guevara Alarcon's testimony was material, favorable, and not cumulative of other class members. However, two days after Plaintiffs noticed his deposition, ICE began the process of removing Mr. Guevara Alarcon from the forum and the country. As Plaintiffs expressed to Defendants, Plaintiffs reserve the right to seek all available remedies relating to spoliation of evidence as it relates to Mr. Guevara Alarcon's removal pending a notice of deposition.

### b.    Defendants' Position

Defendants do not oppose phasing discovery into fact and expert discovery as proposed by Plaintiffs. Defendants dispute that Plaintiffs' proposed scope of discovery is necessary.

Defendants dispute Plaintiffs' characterization of events related to Gustavo Guevara Alarcon, who was subject to a final order of removal entered on February 11, 2026, and was in the process of being removed long before plaintiffs served their June 11, 2026 deposition notice. BIA denied Mr. Alarcon's appeal on February 11, 2026, and he filed his petition for review with the Ninth Circuit around that same date.  The Ninth Circuit denied Mr. Alarcon's request to stay removal on June 2, 2026 and DHS denied Mr. Alarcon's request for an administrative stay of

9

removal shortly thereafter.  It is simply untrue that ICE began the process of removing Mr. Guevara Alarcon only after receipt of a deposition notice from Plaintiffs, and remedies relating to spoliation of evidence are inappropriate here—especially since there is no indication that other class representatives cannot be deposed in his stead if the claims and allegations are typical and common to all class members by definition.

Defendants also wish to clarify that for detainees with final removal orders, there are no impediments to removal, especially for detainees with criminal records like Mr. Alarcon, and ICE Enforcement and Removal Operations will remove the detainee as soon as practicable.  The removal process is entirely separate from the present litigation.  Plaintiffs cannot use a deposition notice to attempt to prevent the lawful deportation of a detainee, then subsequently assert that removal was retaliatory, when the individual is removed in accordance with a final removal order as required by federal immigration law.  Any stay of removal must be sought through the proper legal channels, such as requesting an administrative stay or seeking a stay in the Ninth Circuit (as Mr. Guevara Alarcon did, and was denied).  Accordingly, any request for remedies relating to spoliation of evidence by would be inappropriate.

### C. Protocol

As contemplated during the parties' Rule 26(f) conference, Plaintiffs sent a proposed ESI Stipulation and Protective Order on June 15, 2026.  Defendants are reviewing the proposed ESI protocol and the parties will continue to meet and confer to reach agreement.

The parties further stipulate and agree that service of any discovery-related materials—including but not limited to requests for production, interrogatories, requests for admission, and responses or objections thereto—may be made via email. The parties agree that such service shall be deemed effective as of the date the email is sent and shall be treated as equivalent to hand-delivery for purposes of calculating response and other deadlines under the Federal Rules of Civil Procedure, the Local Rules, and any applicable court orders. Each party agrees to accept service at the email addresses previously provided for counsel of record, unless otherwise designated in writing.

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

**D.    Discovery Limits (Fed. R. Civ. P. 26(f)(3)(E))**

1.    At this time, Plaintiffs propose that no changes should be made to the limitations on discovery as set forth in the Federal Rules of Civil Procedure or the Court's Local Rules as to interrogatories, requests for production, and request for admission.

2.    Defendants propose the following limitations on discovery:

a.    Absent leave of court or consent of the parties, no side may receive more than 50 total interrogatories absent leave of court.  That is, no plaintiff may receive more than 50 interrogatories total from all defendants, and the collective defendants may not receive more than 50 interrogatories total from all plaintiffs.

b.    No side may receive more than 100 requests for admission, per the same rule as above.  Defendants also note that plaintiffs have served them with 155 requests for production, which they are currently working to answer.  Defendants reserve their rights as to proportionality limitations on the current set of requests for production, as well as any future requests.

3.    Plaintiffs do not oppose Defendants' proposal as to interrogatories and requests for admission as set forth above. The parties have agreed to meet and confer to discuss a reasonable number of depositions beyond the default limit under the Federal Rules.

**E.    Additional Discovery Issues**

**1.    Confidentiality/Privilege Protections (Fed. R. Civ. P. 26(f)(3)(D))**

Plaintiffs have provided Defendants with a proposed Protective Order on June 15, 2026. Defendants are reviewing the proposed Protective Order, and the parties will continue to meet and confer to reach agreement.

**2.    Outside-U.S. Discovery**

a.    **Plaintiffs' Position**

Plaintiffs have indicated to Defendants their concern regarding the ability to preserve the testimony of certain class members and/or named plaintiffs in the event they are removed from the United States prior to their depositions, and for that reason already issued one notice of deposition. Should the parties be unable to depose these individuals at CCDF, Plaintiffs reserve

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

the right to take discovery (including depositions) outside of the state and country as necessary.

### b.    **Defendants' Position**

Defendants dispute plaintiffs' assertion that deposing deported class members, named plaintiffs, and/or class representatives is automatically appropriate.  Defendants will review each deposition notice on a case-by-case basis.

### 3.    **Recording of Depositions**

Plaintiffs anticipate video and sound recording of depositions, including depositions of named plaintiffs and class members, many of which Plaintiffs expect shall take place at CCDF itself. The parties have conferred and Defendants have agreed to accommodate video and sound recording of depositions at CCDF.

### 4.    **Preservation and Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C)).**

The parties intend to seek, and have already sought, discovery of electronically stored information ("ESI") in this case, including email and other electronic communications. Plaintiffs have provided to Defendants a proposed ESI Stipulation that proposes how to preserve evidence relevant to the issues reasonably evident in this action. Defendants are reviewing the proposed ESI protocol, and the parties will continue to meet and confer to reach agreement.

## VII.   SCHEDULE

The parties jointly submit the following schedule in response to the Court's June 23, 2026 Order. Doc. 136.

| Event | Parties' Proposed Date |
| --- | --- |
| Mid-Discovery Status Report Due | November 6, 2026 |
| Mid-Discovery Status Conference | November 13, 2026 |
| Non-Expert Discovery Cut-Off | February 26, 2027 |
| Expert Disclosure Deadline | April 23, 2027 |
| Rebuttal Expert Disclosure Deadline | May 21, 2027 |

JOINT SCHEDULING REPORT
Case No. 1:26-cv-02546-JLT-CDB

6241473

| Event | Parties' Proposed Date |
|---|---|
| Expert Discovery Deadline | July 23, 2027 |
| *Non-Dispositive* Motions Due | July 30, 2027 |
| Oppositions to *Non-Dispositive* Motions Due | August 13, 2027 |
| Replies to *Non-Dispositive* Motions Due | August 23, 2027 |
| Hearing on *Non-Dispositive* Motions | September 3, 2027 |
| Dispositive and *Daubert* Motions Due | September 17, 2027 |
| Oppositions to Dispositive and *Daubert* Motions Due | October 1, 2027 |
| Replies to Dispositive and *Daubert* Motions Due | October 12, 2027 |
| Hearing on Dispositive and *Daubert* Motions | October 22, 2027 |
| Deadline to Engage in Settlement Conference | December 17, 2027 |
| Deadline to File Final Pretrial Statement and Motions *in Limine* | January 21, 2028 |
| Pretrial Conference | January 28, 2028 |
| Trial (approx. 10 days) | March 27, 2028 |

## VIII.   SETTLEMENT

The parties have discussed settlement as to certain requests for relief, including but not limited to Plaintiffs' request for contact visits with non-lawyers, but a settlement is not expected at this time.  The parties will inform the Court if they wish to schedule a settlement conference in the future.

## IX.   TRIAL

The trial of this case will be a bench trial.  Trial is currently estimated to last approximately ten trial days but this may change depending on developments in the case. The parties do not request bifurcation or phasing of trial at this time.

## X.    MAGISTRATE JUDGE JURISDICTION

Plaintiffs do not consent to the magistrate judge for all purposes.  Therefore, the bench trial in this action will be conducted before the district judge.

## XI.    RELATED MATTERS

At present, there are no related matters of which to alert the Court.

## XII.    CERTIFICATION OF FAMILIARITY WITH THE LOCAL RULES

The parties certify that they have read and are familiar with the Court's Local Rules.

Dated: June 26, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Steven P. Ragland* | */s/ Margot Mendelson* |
| KEKER, VAN NEST & PETERS LLP | PRISON LAW OFFICE |
| STEVEN P. RAGLAND | MARGOT MENDELSON |
| CODY S. HARRIS | TESS BORDEN |
| CANDICE MAI KHANH NGUYEN | RANA ANABTAWI |
| CARLOS C. MARTINEZ | MEGHA RAM |
| LISA C. LU | |
| | AMERICAN CIVIL LIBERTIES UNION |
| CALIFORNIA COLLABORATIVE FOR | FOUNDATION |
| IMMIGRANT JUSTICE | KYLE VIRGIEN |
| PRIYA ARVIND PATEL | FELIPE HERNANDEZ |
| MARIEL VILLARREAL | MARISOL DOMINGUEZ-RUIZ |
| | CARMEN IGUINA GONZALEZ |
| | *Attorneys for Plaintiffs* |
| Dated:  June 26, 2026 | ERIC GRANT |
| | UNITED STATES ATTORNEY |
| | */s/ Brodie M. Butland* |
| | LYNN TRINKA ERNCE |
| | BRODIE M. BUTLAND |
| | Attorneys for Defendants |

14

6241473