KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CANDICE MAI KHANH NGUYEN - # 329881
cnguyen@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
LISA C. LU - # 364259
llu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL - # 295602
priya@ccijustice.org
MARIEL VILLARREAL - # 317048
mariel@ccijustice.org
1999 Harrison Street #1800
Oakland, California 94612
Tel: (650) 762-8990

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022
tess@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
MEGHA RAM - # 325134
mram@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and | Case No. 1:26-cv-02546-JLT-CDB <br><br> **CCIJ'S NOTICE OF MOTION AND <u>UNOPPOSED</u> MOTION TO WITHDRAW AS CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Dept.:      Courtroom 4, 7th Floor <br> Judge:      Hon. Jennifer L. Thurston <br><br> Date Filed:  November 12, 2025 <br> *(transferred from Northern District of California)* <br><br> Trial Date:  Not set |

1

Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

CCIJ UNOPPOSED MOTION TO WITHDRAW AS CLASS COUNSEL
Case No. 1:26-cv-02546-JLT-CDB

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 3, 2026, at 9:00 a.m., or as soon as this matter may be heard, in Courtroom 4, 7th Floor, of the United States District Court for the Eastern District of California at 2500 Tulare Street, Fresno, California, before the Honorable Judge Jennifer L. Thurston, the California Collaborative for Immigrant Justice hereby moves for the Court to grant leave to withdraw as counsel for all Plaintiffs and the Class. This motion is brought under Local Rule 182(d) of the Eastern District of California, Rule 1.16 of the Rules of Professional Conduct of the State Bar of California, and Rule 23 of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion, the attached CCIJ Motion to Withdraw as Class Counsel, the declaration of Priya Arvind Patel, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

Undersigned counsel conferred with counsel for Defendants and were informed that Defendants do not oppose CCIJ's withdrawal.

Dated:  June 29, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Priya Arvind Patel* | */s/ Mariel Villarreal* |
| CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE PRIYA ARVIND PATEL | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE MARIEL VILLARREAL |
| KEKER, VAN NEST & PETERS LLP STEVEN P. RAGLAND CODY S. HARRIS CANDICE MAI KHANH NGUYEN CARLOS C. MARTINEZ LISA C. LU | PRISON LAW OFFICE MARGOT MENDELSON TESS BORDEN RANA ANABTAWI |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION KYLE VIRGIEN FELIPE HERNANDEZ MARISOL DOMINGUEZ-RUIZ CARMEN IGUINA GONZALEZ |

*Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On February 10, 2026, the Honorable Maxine M. Chesney of the Northern District of California appointed Plaintiffs' counsel from the Prison Law Office ("PLO"), Keker, Van Nest & Peters LLP ("KVP"), the American Civil Liberties Union ("ACLU"), and the California Collaborative for Immigrant Justice ("CCIJ") as counsel for the Provisional Class. ECF No. 72 at 3.

Priya Arvind Patel and Mariel Villarreal of CCIJ now move for leave to withdraw their appearances as counsel of record in this matter on behalf of Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, Alejandro Mendiola Escutia, and the Class. CCIJ seeks leave to withdraw because due to unforeseen circumstances it has determined that it must focus its limited resources on other matters.

The requested withdrawal is narrow: no substitution of counsel is necessary, and Plaintiffs and the Class will continue to be represented by other able attorneys of record from the offices of PLO, KVP, and the ACLU. Named Plaintiffs have consented to CCIJ's withdrawal or have otherwise been notified of the withdrawal and did not object, and Defendants do not oppose this motion. Withdrawal will not affect the operative schedule, any pending deadlines, discovery, or any other case-management issue. Nor will it impair the adequacy of class representation under Rule 23(g)(4), because remaining appointed class counsel will continue to fairly and adequately represent the interests of the Class.

## II.   LEGAL STANDARD

Local Rule 182(d) provides that "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." E.D. Cal. Local Rule 182(d). Under the Rules of Professional Conduct, "a lawyer may withdraw from representing a client if . . . the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(6). A lawyer cannot terminate representation "until the lawyer has taken reasonable steps to avoid reasonably

6237191.v3

foreseeable prejudice to the rights of the client." *Id.* 1.16(d).

The Local Rules provide that an attorney may not withdraw leaving their client *in propria persona* without leave of the court. L.R. 182(d). In this context, "[c]ourts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021). "In considering such a motion, courts may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (internal quotation marks omitted).

Although CCIJ's withdrawal will leave Plaintiffs with representation, CCIJ seeks the Court's leave to withdraw out of an abundance of caution, due to its role as class counsel and to reiterate the adequacy of remaining counsel to continue representing Plaintiffs and the class.

## III. ARGUMENT

### A. Plaintiffs and the Class Will Remain Represented by Appointed Class Counsel

CCIJ's withdrawal will not leave Plaintiffs and the Class without representation. They will continue to be represented by other able attorneys of record from the offices of PLO, KVP, and the ACLU. The court in the Northern District of California previously found that Plaintiffs' counsel from these three offices satisfies the adequacy of representation requirement in Federal Rule of Civil Procedure 23(g)(4). *See* ECF No. 111 at 14–15 ("[T]he Court finds the adequacy requirement is satisfied as to the named plaintiffs and their counsel."); *see also* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). As the court explained, "no conflict of interest has been identified as to any plaintiff or plaintiffs' attorney nor is any such conflict apparent, and Plaintiffs and their counsel have consistently demonstrated a commitment to vigorously prosecuting the action on behalf of the class." ECF No. 111 at 15.

There is still no conflict of interest as to any Plaintiffs' attorney from the Prison Law Office, Keker, Van Nest & Peters LLP, and/or the American Civil Liberties Union. Counsel from these offices continue to vigorously prosecute the action on behalf of the Class. Remaining counsel from PLO, KVP, and the ACLU are more than adequately qualified to continue

5

6237191.v3

representing Plaintiffs and the Class due to their extensive experience litigating complex class actions, as described in the declarations filed in support of Plaintiffs' Motion for Class Certification. *See* ECF Nos. 21-1, 21-2, 21-3. Accordingly, CCIJ's withdrawal will not require any substitution of attorney or create any gap in representation.

**B.    Withdrawal Complies with California Rule of Professional Conduct 1.16**

CCIJ's withdrawal is permitted under California Rule of Professional Conduct Rule 1.16 because Plaintiffs have consented to CCIJ's termination or have otherwise been notified of the withdrawal and did not object, as shown in the Declaration of Priya Arvind Patel. *See* Cal. R. of Professional Conduct, Rule 1.16(b)(6) (authorizing withdrawal where a client assents). Fernando Gomez Ruiz, Fernando Viera Reyes, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, and Alejandro Mendiola Escutia each have expressly consented to withdrawal. *See* Declaration of Priya Arvind Patel, ¶ 4. Jose Ruiz Canales, who Defendants deported last year, met with co-counsel Marisol Dominguez Ruiz via Zoom video conference on June 8. *Id.* Through an American Sign Language interpreter, Ms. Dominguez Ruiz notified Mr. Ruiz Canales of CCIJ's withdrawal, and he did not express any objection. *Id.*

Counsel for CCIJ have also taken reasonable steps to avoid foreseeable prejudice to the rights of Plaintiffs and the Class. CCIJ has coordinated with remaining class counsel regarding the continued litigation of the case. *Id.* at ¶ 5. Because class counsel from PLO, KVP, and the ACLU are already appointed and familiar with the litigation, CCIJ's withdrawal will not affect the case schedule or otherwise prejudice Plaintiffs or the Class.

CCIJ seeks withdrawal because due to unforeseen circumstances, it has determined that it must focus its limited resources on other matters. *Id.* at ¶ 2. For that reason, withdrawal is also permitted under California Rule of Professional Conduct Rule 1.16 because CCIJ believes in good faith that the Court will find good cause for withdrawal. *See* Cal. R. of Professional Conduct, Rule 1.16(b)(10).

**C.    The Court Should Grant CCIJ's Motion to Withdraw**

Each of the factors courts consider when evaluating a motion to withdraw that would leave their client *in persona* supports granting CCIJ leave to withdraw in this instance. CCIJ

6237191.v3

seeks withdrawal because due to unforeseen circumstances, it has determined that it must focus its limited resources on other matters. That reason supports withdrawal, particularly where, as here, CCIJ's withdrawal will not leave Plaintiffs or the Class without representation or otherwise disrupt the litigation.

Nor will withdrawal prejudice any of the parties. Plaintiffs and the Class will continue to be represented by PLO, KVP, and the ACLU, all of whom are counsel of record and familiar with the factual record, procedural history, issues, and case schedule. The Court has already found that Plaintiffs' counsel satisfy Rule 23's adequacy requirement. See ECF No. 111 at 14–15. Because remaining class counsel will continue to represent Plaintiffs and the Class, CCIJ's withdrawal will not create any gap in representation, require Plaintiffs or absent class members to retain new counsel, or impair Plaintiffs' continued pursuit of relief. Withdrawal also will not prejudice Defendants, who do not oppose this motion. CCIJ's withdrawal will not require any continuance, alter the operative schedule, or otherwise affect Defendants' litigation of this case.

For the same reasons, withdrawal will not harm the administration of justice or delay resolution of the case. Remaining class counsel are prepared to continue representing Plaintiffs and the Class without interruption. CCIJ's withdrawal thus will not affect any pending deadlines, discovery, motion practice, class-related proceedings, or other case-management issues. Representation will continue seamlessly through remaining appointed class counsel, and the relevant withdrawal factors support granting CCIJ leave to withdraw.

## IV.    CONCLUSION

Accordingly, Priya Arvind Patel and Mariel Villarreal of the California Collaborative for Immigrant Justice hereby respectfully request that this Court grant them leave to withdraw as counsel of record for Plaintiffs and the Class. By signing below, the Prison Law Office, Keker, Van Nest & Peters LLP, and the American Civil Liberties Union consent to the withdrawal of the California Collaborative for Immigrant Justice and will continue to serve as counsel for the Plaintiffs and the Class.

Dated:  June 29, 2026

Respectfully submitted,

6237191.v3

/s/ *Priya Arvind Patel*
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
PRIYA ARVIND PATEL

/s/ *Mariel Villarreal*
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
MARIEL VILLARREAL

/s/ *Steven P. Ragland*
KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND
CODY S. HARRIS
CANDICE MAI KHANH NGUYEN
CARLOS C. MARTINEZ
LISA C. LU

/s/ *Margot Mendelson*
PRISON LAW OFFICE
MARGOT MENDELSON
TESS BORDEN
RANA ANABTAWI
MEGHA RAM

/s/ *Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
KYLE VIRGIEN
FELIPE HERNANDEZ
MARISOL DOMINGUEZ-RUIZ
CARMEN IGUINA GONZALEZ

*Attorneys for Plaintiffs*

CCIJ'S UNOPPOSED MOTION TO WITHDRAW AS CLASS COUNSEL
Case No. 1:26-cv-02546-JLT-CDB

6237191.v3