KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
CANDICE MAI KHANH NGUYEN - # 329881
cnguyen@keker.com
CARLOS C. MARTINEZ - # 354616
cmartinez@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

PRISON LAW OFFICE
MARGOT MENDELSON - # 268583
mmendelson@prisonlaw.com
TESS BORDEN - MJP # 805022
tess@prisonlaw.com
RANA ANABTAWI - # 267073
rana@prisonlaw.com
MEGHA RAM - # 325134
mram@prisonlaw.com
1917 Fifth Street
Berkeley, California 94710-1916
Tel.: (510) 280-2621

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
KYLE VIRGIEN - # 278747
kvirgien@aclu.org
FELIPE HERNANDEZ - # 338468
npp_fhernandez@aclu.org
MARISOL DOMINGUEZ-RUIZ - # 345416
mdominguez-ruiz@aclu.org
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

CARMEN IGUINA GONZALEZ - # 277369
ciguinagonzalez@aclu.org
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel.: (202) 393-4930

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO GOMEZ RUIZ; FERNANDO VIERA REYES; JOSE RUIZ CANIZALES; YURI ALEXANDER ROQUE CAMPOS; SOKHEAN KEO; GUSTAVO GUEVARA ALARCON; and ALEJANDRO MENDIOLA ESCUTIA, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director of San Francisco Field Office, Enforcement and

Case No. 1:26-cv-02546-JLT-CDB

**STIPULATED PROTECTIVE ORDER**

Judge: Hon. Christopher D. Baker

Date Filed: November 12, 2025
*(transferred from Northern District of California)*

Trial Date: Not set

Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

This Protective Order ("Order") is entered into by and among: (a) Plaintiffs Fernando Gomez Ruiz, Fernando Viera Reyes, Jose Ruiz Canizales, Yuri Alexander Roque Campos, Sokhean Keo, Gustavo Guevara Alarcon, and Alejandro Mendiola Escutia (collectively, "Plaintiffs"); (b) U.S. Immigration and Customs Enforcement, David J. Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, Sergio Albarran, in his official capacity as Acting Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security (collectively, "Defendants"); and (c) any other persons or entities who become bound by this Order by executing the form attached hereto as Exhibit A, for the purposes of conducting discovery or other document exchange in the matter of *Gomez Ruiz, et al. v. U.S. Immigration & Customs Enforcement, et al.* (Case No. 1:26-cv-02546-JLT-CDB) (the "Action").

The parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## **Good Cause Statement**

1. This action is likely to involve information, including information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted ("Protected Material"). Such Protected Material consists of items identified in Paragraphs 14 and 15 below, which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure that the parties are permitted reasonably necessary uses of such Protected Material for the litigation and preparation for trial, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

3. Thus, the Court has determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of Protected Material that is produced or received in the above-captioned action.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**Scope and Purpose of Order**

1. This Order applies to all information, documents, and things exchanged, produced, disclosed, or otherwise made available either by a party or a non-party (each a "Producing Party," as defined below) to any other party or non-party (each a "Receiving Party," as defined below), formally or informally, including but not limited to, documents produced pursuant to the Court's March 30 External Monitor appointment order (ECF No. 112), any other Preliminary Injunction ("PI") compliance documentation, class member protected health information ("PHI"), any discovery under Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, productions under Rule 34, and answers to requests for admissions pursuant to Rule 36, as well as any and all copies, excerpts, summaries, or compilations thereof (collectively referred to as "Case Material").

2. It is also hereby ORDERED that Defendants may: (a) produce to Plaintiffs and/or class members Case Material that contains information of Plaintiffs or class members (which as used herein shall refer to both former or present class members) that is protected by the Privacy Act or any other statute, and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Designated Material. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

3. The parties have sought or may seek certain Case Material on a voluntary basis and/or as provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, or orders of this Court. The Court has also ordered that Defendants produce Case Material to the External

Monitor and provide that Case Material to Plaintiffs' counsel. ECF No. 112. As a result, the parties have produced, provided access to, and made available, and/or will produce, provide access to, and make available, certain Case Material. The phrase "Case Material" used generally in this Order includes "Designated Material" as defined below. Any person or entity that produces, provides, or makes available Case Material to any party in connection with this Action is a "Producing Party." Any person or entity that receives Case Material directly or indirectly from any Producing Party is a "Receiving Party." To the extent any Receiving Party has or will obtain documents from any Producing Party other than the Defendants, which have not previously been designated under this Protective Order, the Receiving Party shall be responsible for adding any and all designations to all eligible materials received without designation prior to producing, reproducing, or filing such documents subject to this Protective Order.

4. The protections conferred by this Order cover Case Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" ("Designated Material") regardless of the format or medium in which such Case Material is generated, stored, or maintained. The parties agree that such information, so long as it retains its designation, shall not be disclosed or used for any purpose not authorized under the terms of this Order, absent further order of the Court.

5. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" for tactical reasons, and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be a part of the public record of this case. The parties acknowledge that this Order does not confer blanket protections on all information exchanged between the parties.

6. The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information that is or was independently obtained by a Party without violating

its obligations under this Order; (c) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and (d) any compilations of PHI that are sufficiently anonymized to preclude the identification of any specific person whose PHI is referenced and who has not waived the confidentiality designation.

7. Nothing in this Order prevents the Receiving Party from generally summarizing, describing, characterizing, or referencing portions of Designated Material, provided that such actions do not disclose the confidential information described in Paragraph 14 or the highly sensitive information described in Paragraph 15 below. Nothing in this Order—including the fact that a party is a party to this Order—entitles or is intended to entitle any party or non-party to any Case Material for any purpose, including in connection with any dispute.

8. Nothing in this Order is intended to limit a class member's or Named Plaintiff's right to publicly disclose their own PHI, PII, or other Designated Material that is so designated because it relates to their personal information (*see* Paragraph 14(a)(i-iv)), or Plaintiffs' counsel's ability to do so on their behalf, and therefore to waive the relevant confidentiality designation on such information.

9. Even after the final resolution of this proceeding, through and including exhaustion of any appeals, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, or the confidentiality obligation otherwise expires by operation of law.

10. This Order is a procedural device intended to protect Designated Material. Nothing in this Order shall affect any party's or non-party's rights or obligations unrelated to the Designated Material.

11. Nothing contained herein shall be deemed a waiver or relinquishment by any party or non-party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a party or non-party, any right to object to any discovery request, or any right to object to the admissibility of

evidence on any ground, or to seek any further protective order, or to seek relief from this Court or any other applicable court from any provision of this Order by application on notice on any grounds.

**<u>Designating Case Material</u>**

12. Any Producing Party may designate Case Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with the following provisions.

13. <u>Exercise of Restraint and Care in Designating Material for Protection:</u> A Producing Party must designate for protection only those materials, documents, items, or oral or written communications that qualify. If it comes to a Producing Party's attention that information or items that they designated for protection do not qualify for protection, the Producing Party must promptly notify all other parties that they are withdrawing the mistaken designation.

14. <u>CONFIDENTIAL Designation:</u> A Producing Party may designate Case Material as "CONFIDENTIAL" if such Producing Party believes in good faith that such Case Material contains information that is not in the public domain and: (a) qualifies for protection under applicable law, statutes, or regulations; and/or (b) is protected or restricted from disclosure by Court order, statutes, rules or regulations, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

a. The following information related to individual Plaintiffs, class members or third parties shall also be designated CONFIDENTIAL, provided the individual has not explicitly consented to its public dissemination:

i. Personally Identifying Information ("PII"), which is information that permits the identity of an individual to be directly or indirectly inferred, or otherwise confidential information regarding any individual currently or formerly in the custody of the U.S. Immigration and Customs Enforcement , including the names, addresses, dates of birth, "alien registration" numbers ("A numbers"), citizenship status, country of birth, passport numbers, driver's license numbers, phone numbers, email addresses, to the status of any individual's application for immigration

relief or related appeals, and any other personally identifiable information.

ii. PHI, using the scope and definition set forth in 45 C.F.R. §§ 160.103 and 164.501, including but not limited to records or information identifying a particular individual and information relating to that individual's health or to any prescription drug or health care service ordered for such individual. Designation of PHI as "CONFIDENTIAL" shall neither restrict disclosure of PHI to the individual who is the subject of the PHI, nor restrict that individual's ability to authorize, consent to, or waive disclosure of the individual's own PHI, which they may do either directly or through class counsel; PHI also includes information which identifies the individual or which reasonably could be expected to identify the individual and relates to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual.

iii. any other personally identifiable information of Plaintiffs or class members covered by the Privacy Act, 5 U.S.C. § 552a and identified in Federal Rule of Civil Procedure 5.2, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal or employment history that contains his or her name, or the identifying number, symbol, or other particular identifier assigned to the individuals, such as a finger or voice print or photograph;

iv. an individual's status with respect to: (1) applications for asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews—including applications for relief under the Convention Against Torture ("CAT"); (2) non-refoulement interviews; (3) legalization applications under 8 U.S.C. § 1255a; (4) Special

Agricultural Worker applications under 8 U.S.C. § 1160; (5) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (6) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (7) information protected by 8 U.S.C. §§ 1367, 1202(f), 1304(b), 22 U.S.C. § 7105(c)(1)(C), 8 C.F.R. §§ 208.6, 210.2(e), 214.11(p), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6; and (8) applications for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51), or 1229b(b)(2). Nothing in this Paragraph shall preclude the disclosure of other information about such individuals, separate from these applications;

v. any personally identifiable information related to third parties, including but not limited to information related to immigration status and history, past or current addresses, family relationships, employment history, medical history, criminal history, and financial information.

15. HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Designation: A Producing Party may designate Case Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if at the time of its production in discovery in the Action the Producing Party has a good faith belief that the information is so highly sensitive that the disclosure to those identified in Paragraph 20 below would create a substantial risk of harm that could not be avoided by any less restrictive means. The Producing Party shall state in writing the reason for invoking the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation."

a. The following information shall also be designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY:

i. any sensitive records regarding law enforcement activities and operations, internal policies, processes, and procedures, training

materials, staffing, priorities, resources, intelligence, methods, and internal investigations, which contain information that is law enforcement sensitive and regards tactical and law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts;

ii. any personally identifying information containing the personal address, date of birth, social security number, personal telephone number, dependent information, other PII/PHI, and/or personal financial information of any employee of the United States or CoreCivic, Inc. or any contractor at the California City Detention Facility, which is not otherwise public information.

16. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, disclosure of Case Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed.

a. Where reasonably practicable, any Case Material other than oral deposition testimony shall be designated by the Producing Party as such by marking the relevant page(s) containing Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Native file documents containing Designated Material may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by including such term in the file name thereof or on a slip sheet attached thereto or by adding a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" field in the production data associated with the document. Electronic information that is not amenable to visible marking shall have a file name beginning with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." And the media on which the Designated Material is provided must be and remain plainly labeled with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" unless and until the protection of the data within the media is removed.

b. In the case of depositions, if counsel for a party or a party believes that a portion of the testimony given at a deposition should be Designated Material, such testimony may be designated as appropriate by stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated whenever possible, but a party may also designate portions of depositions as containing Designated Material after transcription of the proceedings; a Party will have until fourteen (14) calendar days after receipt of the deposition transcript to inform the other Parties to the action of the portions of the transcript to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. Extensions may be allowed if mutually agreed to by the parties to accommodate voluminous transcripts or other case-related obligations. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the designated portion(s) of the transcript as Designated Material. Until the aforesaid period to designate the deposition has passed, (1) the entire transcript shall automatically be deemed "CONFIDENTIAL," unless the Designating Party requests that it be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," in which case it will be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of this agreement and (2) any court filings including information derived from any deposition shall be filed under seal in accordance with the local rules unless otherwise agreed by the parties.

17. <u>Inadvertent Failures to Designate</u>: If a Producing Party inadvertently fails to designate material at the time of production, they shall take reasonable steps to notify the Receiving Party of the failure within five (5) business days of discovering the failure. The Producing Party shall promptly supply the Receiving Party with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials and certify in writing to the Producing Party that such information has been destroyed. Production of such Designated Material, in and of itself, shall not constitute waiver of any claim of confidentiality.

////

////

**Use and Disclosure of Designated Material**

18. General Limitations on Use and Disclosure of all Designated Material:

Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order. In addition, any Designated Material concerning (a) Plaintiffs and/or (b) declarants and/or (c) current or former putative or certified class members shall not be used by the Receiving Party for any purpose outside this litigation, except that CONFIDENTIAL medical and PII information under Paragraph 14 may be used by the specific individual to whom it pertains. Nor shall such information be shared with any government agency or sub-agency, such as U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), or U.S. Citizenship and Immigration Services (USCIS) for any purposes other than litigating this Action.

Upon the final resolution of the Action, through and including any appeals, a Receiving Party or person in receipt of material designated under this Order must comply with the provisions of Paragraph 30, below.

Designated Material must be stored and maintained by a Receiving Party or a person in receipt of material designated under this Order at a location and in a secure manner that ensures access is limited to persons authorized under this Order and that the confidentiality of such material is maintained. No party or authorized recipient may input, upload, or submit any document or Electronically Stored Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Protective Order into any modern artificial intelligence platform, including any generative, analytical, or large language model-based tool ("AI"), unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all CONFIDENTIAL information upon request. A party

intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

Nothing in this Order shall preclude the disclosure of Designated Material to a current or former putative or certified class member, Plaintiff or declarant to whom the information pertains. This Order shall not preclude Plaintiffs' counsel from using the information obtained from Defendants through discovery production, or otherwise, to identify and contact current or former class members, their attorneys, or their family members, provided that Plaintiffs' counsel does not disclose any Designated Material subject to this Protective Order to individuals who are not authorized to receive such information under its terms.

19. Disclosure of Case Material Designated "CONFIDENTIAL": "CONFIDENTIAL" Material, and any and all information contained therein, shall be disclosed, given, shown, made available in whole or in part, or communicated only to the following persons:

a. Class Counsel and Counsel of Record for Plaintiffs and Defendants and their employees, including but not limited to, paralegals, legal assistants, investigators, and other administrative staff. This also includes interns, volunteers, and/or students working under the supervision of such counsel and employees necessary to assist counsel in this Action, but only after such individuals have been required to read the terms of this Order and sign a copy of the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A;

b. Any court-appointed neutral that is appointed or reappointed by the Court following the entry of this Order, subject to the terms of the appointment and right to access information provided in the appointment Order, and any team member(s) assisting said individual in the performance of his or her duties;

c. Current employees of the United States (including agency, organizational, or government counsel) assisting with this Action who have read the terms of this Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such employee to perform his or her work related to this Action;

d. Experts and consultants (and their respective staff) who are retained by the parties to this order, provided that counsel desiring to disclose "CONFIDENTIAL" Material to such

experts or consultants (and their respective staff) shall first require each such expert or consultant and each of his or her personnel who would require access to "CONFIDENTIAL" Material to read the terms of this Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work related to this Action;

e. Any person who is indicated on the face of a document to have been an author or recipient of a document containing Case Material that is designated "CONFIDENTIAL" or a custodian of the document, or other person who otherwise possessed or knew the information contained in the Case Material designated "CONFIDENTIAL";

f. The parties to the Action themselves, including Named Plaintiffs who are detained at the facility, provided, however, that such Named Plaintiffs may only view CONFIDENTIAL information that was so designated under Paragraph 14(a)(i-iv) and which pertains to other Named Plaintiffs, class members, or declarants through in-person or video conference with their counsel. Such Named Plaintiffs shall not be permitted to create, keep, maintain, or possess copies of any such CONFIDENTIAL information (including but not limited to the actual documents themselves), or summaries or handwritten notes regarding the documents' content to the extent they contain the CONFIDENTIAL information under Paragraph 14(a)(i-iv).

g. Class members and declarants, but only to the extent that the CONFIDENTIAL information disclosed was so designated under Paragraph 14(a)(i-iv) because it pertains to the individual class member or declarant to whom it is disclosed;

h. Witnesses, potential witnesses, and deponents to the extent not covered by Paragraph (g), including their counsel, who agree to be bound by the terms of the Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such witnesses, potential witnesses, and deponents in relation to this Action;

i. Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the Designated Material is reasonably necessary. Such witness shall be required to execute the form attached hereto as Exhibit A;

j. Medical and mental health professionals involved in the treatment or supervision of treatment of any individual Plaintiff or class member, provided that such medical or mental health providers otherwise have access to any information designated CONFIDENTIAL that was so designated under Paragraph 14(a) of this Order.

k. Any interpreter or translator assisting any person described in Paragraphs (f) or (g) above and who has executed the form attached hereto as Exhibit A;

l. The Court and its personnel;

m. Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Requests;

n. Mediators or arbitrators assigned by the Court or privately engaged by the parties to the Action (and any of their staff who may come into contact with such material) and who have executed the form attached hereto as Exhibit A;

o. Photocopying, data imaging, graphic production, or litigation support services, separate from employees of Plaintiffs' or Defendants' counsel, and other vendors as necessary for the Action and who have executed the form attached hereto as Exhibit A;

p. Any other person or entity with respect to whom the Producing Party consents in writing, provided that such person shall be required first to read the terms of the Order and execute the form attached hereto as Exhibit A; and

q. Any other person or entity the Court orders to have access.

For all persons described in Paragraphs (a) - (p) above who are required to execute the form attached hereto as Exhibit A, counsel for the party requesting execution of the form shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals).

20. <u>Disclosure of Case Material Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u>: Material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and any and all information contained therein, shall be disclosed, given, shown, made available in whole or in part, or communicated only to the following persons:

a. Class Counsel and Counsel of Record for Plaintiffs and Defendants and their employees, including but not limited to, paralegals, legal assistants, investigators, and other administrative staff. This also includes interns, volunteers, and/or students working under the supervision of such counsel, and legal support staff necessary to assist counsel in this Action;

b. Any court-appointed neutral that is appointed or reappointed by the Court following the entry of this Order, subject to the terms of the appointment and right to access information provided in the appointment Order, and any team member(s) assisting said individual in the performance of his or her duties;

c. Experts and consultants (and their respective staff) who are retained by the parties to this order, provided that counsel desiring to disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to such experts or consultants (and their respective staff) shall first require each such expert or consultant and each of his or her personnel who would require access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to read the terms of this Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

d. Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as Exhibit A;

e. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

f. Court reporters, videographers, interpreters, and their staff;

g. Photocopying, data imaging, graphic production, or litigation support services, separate from employees of Plaintiffs' or Defendants' counsel, as necessary for the Action; and

h. Any other person agreed to by the parties.

Persons receiving material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the terms of this Order are prohibited from disclosing it to any person except in conformance with this Protective Order. To

the extent that counsel desires to otherwise disclose any material designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to any Plaintiff or class member, which does not pertain solely to the individual to whom it will be disclosed, counsel shall confer as to any necessary and appropriate redactions to be applied prior to such disclosure.

21. Sealing of Designated Material Filed with or Submitted to Court:

Before filing Designated Material with the Court, or discussing or referencing the CONFIDENTIAL information described in Paragraph 14(a) or the HIGHLY CONFIDENTIAL described in Paragraph 15 above, the filing party shall confer with opposing counsel (where practical, at least seven (7) days prior to the intended date of use) to determine whether the counsel that added the designation will remove it, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Any party that seeks to file or present any material designated under this Protective Order by another party must comply with Civil Local Rules 140 and 141. The parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

Reference by the parties to Designated Material at a hearing or trial, pursuant to an order entered by the Court as described in this Paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure.

22. Use of Discovery Material in Open Court:

Counsel for any party who desires to offer or use such Designated Material at a hearing to be held in open court shall first meet and confer in good faith with the Producing Party to discuss procedures for such hearing. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Designated Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Any use of Protected Material at trial shall be governed by a separate agreement or order.

If the parties are unable to resolve a dispute related to such Designated Material without Court intervention, they shall comply with the discovery dispute procedures set forth in Civil Local Rule 251 and any applicable standing orders of this Court. The party seeking to maintain that Designated Material shall not be used at a hearing held in open court has the burden to demonstrate such limitation is appropriate. While the dispute is pending before the Court, the Designated Material shall not be offered or otherwise used at any hearing held in open court.

To the extent that either party seeks a Protective Order for Civil Trial relating to any Confidential Designated Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"), they shall timely meet and confer and comply with the requirements of Civil Local Rule 141.1(b)(2).

In the event that any Designated Material is used in any court proceeding relating to matters in this Action while the dispute is pending, the Designated Material shall not lose its status as Confidential Designated Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") through such use.

Reference by the parties to Designated Material at a hearing, pursuant to an order entered by the Court as described in this Paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure.

**Challenging Confidentiality Designations**

23. Challenge Notice: If any party to this Order objects to the designation of any documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material, the party shall first state the objection in writing to the other party, explaining the basis for its belief that the confidentiality designation was not proper (a "Challenge Notice"). The parties agree to confer within ten (10) business days of receipt of the written objection to such designation, in good faith to attempt to resolve any dispute regarding any such designation. Extensions may be allowed if mutually agreed to by the parties to accommodate review of voluminous challenged designations or other case-related obligations.

24. If the parties cannot resolve a challenge without court intervention, the Designating Party shall serve their portion of a Joint Statement Regarding a Discovery Dispute under Local Rule 251 within three (3) business days of the parties conferring and agreeing they cannot resolve the dispute; the Challenging Party shall serve their portion of the joint statement within two (2) business days of the receipt of the Designating Party's portion of the joint statement; and the Designating Party shall file and serve the motion one (1) business day following receipt of the Challenging Party's portion of the joint statement. The burden of persuasion in any such motion shall be on the Designating Party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

25. Timing of Challenges: A Challenging Party shall not be obliged to challenge the propriety of a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**Miscellaneous Provisions**

26. Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) immediately make reasonable efforts to recover the disclosed Designated Material and preclude further dissemination or use by the person or entity to whom the disclosure was made; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is enclosed hereto as Exhibit A; and (e) immediately notify in writing the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance

with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

27. Inadvertent Production of Designated Material: Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The parties agree to follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Designated Material.

28. Production of Privileged Case Material: Nothing in this Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

a. No Waiver by Disclosure: If information subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information under the law.

b. If a Party received a document or information that the Receiving Party knows or has reason to believe may be the subject of a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Receiving Party or their counsel (whether bound by the ethical duties imposed by California Rules of Professional Conduct 4.4, or not) shall: (1) promptly notify the Producing Party; (2) immediately cease reading the document; (3) upon request of the Producing Party, promptly and permanently delete all non-placeholder images, native files, extracted text files, any other copies or excerpts of such document made by the Receiving Party, and any metadata for which the Producing Party has provided a replacement; and, (4) certify in writing to the Producing Party that the non-placeholder images, native files, extracted text, any other copies or excerpts of such document, and replaced metadata have been properly deleted and/or destroyed.

c. If a Party discovers that it has inadvertently produced a document or information that is subject to a claim of attorney-client privilege, work product immunity, or any

other applicable privilege or immunity, it shall promptly inform the Receiving Party that the document is privileged or immune from discovery and should otherwise be deleted until replacements are provided. Should any of the metadata contain any information which would reveal the contents of the privilege or immunity, the notice will include such instruction. Upon receipt of such notice, the Receiving Party shall: (1) immediately cease reading the document; (2) upon request of the Producing Party, promptly and permanently delete all non-placeholder images, native files, extracted text files, any other copies or excerpts of such document made by the Receiving Party, and any metadata for which the Producing Party has provided a replacement; and, (3) certify in writing to the Producing Party that the non-placeholder images, native files, extracted text, any other copies or excerpts of such document, and replaced metadata have been properly deleted and/or destroyed. Whether or not the information withdrawn is privileged, as soon as practical, the Producing Party shall provide replacement images or native files, as well as extracted text and an overlay load file containing all non-privileged or corrected information.

d. At any time a Party is notified that a document or information that is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity was inadvertently produced, and the document or information is already part of a filing with the Court, the Filing Party shall either withdraw the document or information, or the Parties shall brief the issue for the Court pursuant to applicable law, including the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable orders issued by this Court or rules promulgated by this Court.

29. Use of Non-Designated Material: Nothing in this Order shall limit a party's ability to use Non-Designated Material for any purpose, including in a deposition, hearing, trial, or otherwise, in connection with this Action.

30. Obligations Following Conclusion of this Action: Within sixty (60) business days after the conclusion of this action, including all appeals and any monitoring agreed to or ordered, a Receiving Party shall take all reasonable steps to destroy or, if preferred by the Producing Party, return to the Producing Party all Designated Material, and all copies thereof in their possession, custody, or control. Materials that exist on back-up tapes, systems, or similar storage need not be

immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions. In the course of disposing of information in its possession under this Paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Designated Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party. No Designating or Producing Party is required to destroy or delete any Designated Material it originally had possession, custody, or control over.

a. Counsel of record for the parties shall be entitled to retain Designated Material that constitutes or reflects counsel's work product, or that of retained consultants and experts, in their files in accordance with the provisions of this Protective Order.

b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Designated Material. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Designated Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. In particular, attorneys for the United States may maintain copies of any Designated Material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552 *et seq.*

31. Designated Materials Subpoenaed or Ordered Produced in Other Litigation: If a party or anyone subject to this Order is served with a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) or a court order issued in other litigation that seeks or compels disclosure of any Designated Material, that person must (a) promptly notify

the Designating Party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order and include a copy of this Order; and (c) shall not disclose any Designated Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that the Designating Party does not object to the production of the requested information or that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. If the Designating Party timely seeks a protective order, the party served with the subpoena shall not disclose the Designated Material before a determination by the body from which the subpoena issued. The Designating Party shall bear the burden and expense of seeking protection of its Designated Material. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court. In the event that Designated Material is produced to a nonparty to this Action in response to a subpoena, the parties to this Action shall continue to treat such Designated Material in accordance with its designation. During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Designated Material shall be subject to this Protective Order.

32. Use of Case Material by Producing Party: Nothing in this Order shall preclude any party or their counsel from: (a) showing any Designated Material to an individual who prepared, authored, or received the Designated Material; or (b) using or disclosing its own Case Material in any way, including information the party itself has designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY,” in accordance with applicable law. Disclosure pursuant to this Paragraph will not waive the protections of this Order and will not otherwise entitle other parties or their attorneys to use or disclose such Designated Material in violation of this Order. Notwithstanding the foregoing, any Producing Party that intentionally publicly disseminates its own Designated Material, including in a filing not sealed with the Court or in open court, may not subsequently restrict other parties’ public use of the same Case Material on the grounds that such material constitutes Designated Material. Nothing in this Order affects the right of any Producing Party under applicable law to claw back Designated Material.

33. Obligations of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests.

34. Effective Upon Signing: By signing this Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

35. Enforcement: The provisions of this Order constitute an order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

36. Right to Further Relief: Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

37. Right to Assert Other Objections: By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

38. Modification: No modification of this Order shall be binding or enforceable unless in writing and signed by the parties, or ordered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 14, 2026

Respectfully submitted,

*/s/ Steven P. Ragland*
KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND
CODY S. HARRIS
CANDICE MAI KHANH NGUYEN
CARLOS C. MARTINEZ

*/s/ Margot Mendelson*
PRISON LAW OFFICE
MARGOT MENDELSON
TESS BORDEN
RANA ANABTAWI
MEGHA RAM

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
KYLE VIRGIEN
FELIPE HERNANDEZ
MARISOL DOMINGUEZ-RUIZ
CARMEN IGUINA GONZALEZ

*Attorneys for Plaintiffs*

Dated: August 14, 2026

*/s/ Brodie M. Butland*
UNITED STATES ATTORNEY
ERIC GRANT

ASSISTANT UNITED STATES ATTORNEYS
LYNN TRINKA ERNCE
BRODIE M. BUTLAND

*Attorneys for Defendants*

**IT IS SO ORDERED**.

Dated: August 18, 2026

Honorable Christopher D. Baker
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________________ [print or type full name], of ______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the case of *Gomez Ruiz, et al. v. U.S. Immigration & Customs Enforcement, et al.*, pending in the District of Eastern California and bearing Case No. 1:26-cv-02546-JLT-CDB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: __________________________

City and State where sworn and signed: __________________________

Printed name: __________________________

Signature: __________________________